IN THE MATTER OF HERBERT BREGG,
AN ATTORNEY-AT-LAW.

Argued September 12, 1972—Decided October 10, 1972.

*Mr. Frederick C. Vonhof,* argued the cause for Essex County Ethics Committee.

*Mr. Maurice Krivit,* argued the cause for respondent.

PER CURIAM. █ In this disciplinary proceeding respondent, a member of the New Jersey bar, has acknowledged his misconduct. Commencing in the spring of 1969, he began accepting referrals of legal matters from one Jose M. Alfonso, thereafter remitting some portion of each fee to the latter. Alfonso is said to have been admitted to practice law in Cuba; he is not a member of the New Jersey bar nor the bar of any other state. He did, however, advertise in Spanish-language newspapers and elsewhere that he was a lawyer and was prepared to render legal services. Alfonso

then referred many of those who responded to this solicitation to Bregg. The arrangement between the two came about at least partly because of Bregg's knowledge of Spanish. The persons referred to him by Alfonso were all Spanish-speaking.

Obviously respondent's conduct was in violation of *DR* 3–102, which forbids a lawyer to share legal fees with one not a lawyer, as well as *DR* 2–103(B) and (C), which prohibit a lawyer from compensating one who recommends his employment and from requesting anyone to make such recommendation. In each instance it was mutually understood that some part of the fee accruing from a referred matter would be paid to Alfonso, it being left to respondent, however, to fix the amount. Bregg kept no records and payments were always made in the form of cash. At the request of the Ethics Committee, he reconstructed from memory a list of some thirty matters that had been referred to him in this way, indicating in each case, apparently to the best of his recollection, the fees charged and the approximate amounts remitted to Alfonso. The latter totaled about $1,000.

In November, 1971, Alfonso was charged with the disorderly persons offense of practicing law without a license, *N. J. S. A.* 2A:170–78, pled guilty and was fined $500. This terminated the relationship.

As always in matters of this sort it is difficult to assess punishment. We are mindful that the purpose of disciplinary proceedings is not to chastise because of guilt but rather to protect and maintain the integrity of the bar in the public interest. Financial need and serious ill health are pleaded in extenuation of respondent's action. We do not doubt that these factors lessened his resistance to temptation, but, of course, they do not excuse his dereliction. He has been completely candid, however, both before the Ethics Committee and this Court and would appear to be sincerely contrite. We are not here presented with the kind of studied and hardened disregard for ethical standards, accompanied

by a total lack of candor, that was present in both *In re Frankel*, 20 *N. J.* 588 (1956) and *In re Introcaso*, 26 *N. J.* 353 (1958), both cases dealing with the same kind of conduct as that of which respondent is guilty. We think a lesser sentence than those imposed in the earlier cases will be just and in keeping with our obligation both to the bar and to the public.

Respondent is suspended from the practice of law for three months and until the further order of this Court.

*For suspension for three months*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN and Judges CONFORD and SULLIVAN—7.

*Opposed*—None.